Nott, J.,
delivered the opinion of the court:
This is an action to recover the net proceeds of ten thousand pounds of cotton captured at Dalton, Georgia, and alleged to be $15,000.
Two questions of importance are raised by this, which more or less indirectly have been involved in other cases, but which have never been so plainly and directly presented before. The first relates to the legal presumptions that arise, under the Abandoned or captured property act, from the seizure of a party’s property by a military officer, as to the final disposition thereof. The second relates to the obligations of the defendants to account for the proceeds of property so seized.
The court is not free from doubt upon the subject, but without discussion will reduce the decision to its conclusions' upon these facts:
I. The claimant resided at and near Dalton, Georgia. He never gave aid or comfort to the rebellion, and consistently adhered to the United States.
II. Martin Menko, from whom the claimant bought the cotton hereafter described, during a part of the rebellion resided in Ducktown, Georgia. In January, 1864, he removed to Baltimore, Maryland. He never gave aid or comfort to the rebellion, and consistently adhered to the United States.
III. The claimant owned twenty-seven bales of cotton, marked with his initials, A. H., and in his possession, which were seized by the military authorities at Dalton on the 20th June, 1864.
IY. The- commanding officer at Dalton, Colonel Laibold, ordered the quartermaster having charge of such cotton to forward it to Chattanooga. It is not shown by the claimant that this order was ever executed, nor when the cotton left Dalton, *392 nor wbo was the quartermaster in charge; neither are the reports or property returns of any quartermaster'at Dalton produced by either party. But the following facts appear by the returns of the Treasury Department, to wit:
During July, 1864, Captain Brown, the quartermaster in charge of captured property in Nashville, “received from unknown sources ” 58 bales of cotton. On the 11th July, 1864, Charles A. Fuller, Treasury agent at Nashville, received of Captain Brown 33 bales of cotton, reported as coming irom Chattanooga, and as marked <(.H.” These 33 bales of cotton were transmitted by Fuller to William P. Mellen, Treasury agent at Cincinnati, and sold November 21, 1864. The net proceeds were $457 25 per bale, amounting for 27 bales to $12,345 75, which proceeds are now in the Treasury.
And upon the foregoing findings of fact, this court, as a conclusion of law, decides:
1. The legal presumption is that the cotton of the claimant was duly forwarded to Chattanooga by the quartermaster at Dalton, pursuant to the orders of his commanding officer, and was transmitted by other military officers who might have received it, in pursuance of the duty imposed upon them by law, until it came to the possession of the Treasury agents. The claimant should not be compelled to trace the cotton specifically after he lost possession and control of it through the seizure of the defendants’ officers, charged by law with its care and custody.
2. The defendants, having neglected to keep proper accounts of the claimant’s cotton, and having furnished no further explanations as to the amount of the proceeds in the Treasury than that set forth in the foregoing findings, are bound thereby, and the claimant should recover the net proceeds in the Treasury of the twenty-seven bales of cotton referred to in the findings; amounting to the sum of $12,345 75.